UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN B. JOHNSON,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>UNITED STATES (FBI),<br><br>　　　　　Defendant. | No. 2:21–cv–0959–JAM–CKD PS<br><br><u>ORDER GRANTING IFP REQUEST AND GRANTING LEAVE TO AMEND</u><br><br>(ECF Nos. 1, 2.) |

Plaintiff is representing himself in this action and seeks leave to proceed in forma pauperis ("IFP") pursuant to 28 U.S.C. § 1915.[1] (ECF Nos. 1-2.) Plaintiff's application in support of the IFP request makes the required financial showing. Accordingly, the court grants plaintiff's IFP request.

The determination that a plaintiff may proceed IFP does not complete the required inquiry, however. Pursuant to the IFP statute, federal courts must screen IFP complaints and dismiss the case if the action is "frivolous or malicious," "fails to state a claim on which relief may be granted," or seeks monetary relief against an immune defendant. 28 U.S.C. § 1915(e)(2)(B); <u>Lopez v. Smith</u>, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) ("[S]ection 1915(e) not only permits but requires a district court to dismiss an [IFP] complaint

---

[1] This action proceeds before the undersigned pursuant to Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1).

1

that fails to state a claim.").

**SCREENING STANDARD**

To avoid dismissal for failure to state a claim, a complaint must contain more than "naked assertions," "labels and conclusions," or "a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007). In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Furthermore, relief cannot be granted for a claim that lacks facial plausibility. Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. When considering whether a complaint states a claim upon which relief can be granted, the court must accept the well-pled factual allegations as true, Erickson v. Pardus, 551 U.S. 89, 94 (2007), and construe the complaint in the light most favorable to the plaintiff, see Papasan v. Allain, 478 U.S. 265, 283 (1986).

In addition, Rule 8 of the Federal Rules of Civil Procedure requires pleadings to include: (1) "a short and plain statement of the grounds for the court's jurisdiction" and (2) "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). The court must dismiss a case if, at any time, it determines that it lacks subject-matter jurisdiction. Fed. R. Civ. P. 12(h)(3). A federal district court generally has jurisdiction over a civil action when (1) a federal question is presented in an action "arising under the Constitution, laws, or treaties of the United States" or (2) there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000. See 28 U.S.C. §§ 1331, 1332(a).

Pleadings by self-represented litigants are liberally construed. Hebbe v. Pliler, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (liberal construction appropriate even post–Iqbal). Unless it is clear that no amendment can cure the defects of a complaint, a self-represented plaintiff proceeding IFP is ordinarily entitled to notice and an opportunity to amend before dismissal. See Lopez, 203 F.3d at 1130-31. Nevertheless, if amendment would be futile, no leave to amend need be given. Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 339 (9th Cir. 1996).

**THE COMPLAINT**

Plaintiff's two-page complaint against the Federal Bureau of Investigations ("FBI") is fairly minimal and difficult to follow. Plaintiff asserts a very broad claim that the FBI "used its immunity feloniously and nefariously by starting operations that violate [his] civil rights." (ECF No. 1 at 1.) Plaintiff alleges some sort of general "negligence" by the FBI in failing to uphold his civil rights. (Id. at 1-2.) Although the complaint also mentions other supposed FBI activities, the complaint centers on an automobile collision on November 13 (of an unspecified year) in which an FBI confidential informant allegedly rear-ended plaintiff at high speed on a freeway outside of Sacramento, totaling plaintiff's car. (Id. at 1.) On the civil cover sheet attached to the complaint, in the section for Cause of Action, plaintiff states that this was an "intentional vehicular assault [with] death as a hopeful outcome." (ECF No. 1.1.) Plaintiff suggests that the FBI targeted him for this collision because he was gathering evidence of the FBI's "constitutional violating activities"; and he alleges that the FBI has attempted to kill him three times. (ECF No. 1 at 1-2.) Plaintiff requests "protection from the FBI" and $13.2 million in damages. (Id. at 2.)

**ANALYSIS**

The main problem with plaintiff's complaint is that it fails to establish this court's subject-matter jurisdiction. Plaintiff purports to bring claims for damages against an agency of the United States, the FBI, as the sole defendant. Claims against the United States and its agencies are generally barred by the doctrine of sovereign immunity. See Sierra Club v. Whitman, 268 F.3d 898, 901 (9th Cir. 2001). A lawsuit against an agency of the United States (or against an officer of the United States in his or her official capacity) is considered an action against the United States. See id.; Balser v. Dep't of Justice, 327 F.3d 903, 907 (9th Cir. 2003) (holding that sovereign immunity protects the Department of Justice). As a sovereign, the United States is immune from suit unless it has waived that immunity. United States v. Mitchell, 463 U.S. 206, 212 (1983).

The Federal Tort Claims Act ("FTCA") provides a limited waiver of the government's sovereign immunity for certain tort claims "caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment."

28 U.S.C. § 1346(b)(1). As a jurisdictional prerequisite, however, the FTCA bars claimants from bringing suit in federal court until they have exhausted their administrative remedies. McNeil v. United States, 508 U.S. 106, 113 (1993). Specifically, a lawsuit cannot be instituted upon a claim against the United States for money damages for an employee's "negligent or wrongful act" unless the claimant has first presented the claim to the appropriate federal agency and his claim was finally denied by the agency in writing and sent by certified or registered mail. 28 U.S.C. § 2675(a). A lawsuit filed prior to the exhaustion of a claimant's administrative claim is premature and must be dismissed. McNeil, 508 U.S. at 113.

Plaintiff's claim based on the alleged "vehicular assault" could conceivably proceed against the United States under the FTCA's limited waiver of sovereign immunity, assuming the confidential informant driving the car could qualify as a government employee acting within the scope of his employment. See 28 U.S.C. § 2675(a). However, plaintiff cannot proceed under the FTCA at all unless he has already exhausted his administrative remedies by receiving a final denial of his collision claim, in writing, from the FBI. See id.; McNeil, 508 U.S. at 113. Plaintiff nowhere alleges or otherwise indicates that he has received such a denial, and therefore he has not satisfied the jurisdictional prerequisite for suit. Plaintiff will be granted leave to amend his complaint in case he can allege in good faith that his collision claim has already been administratively denied by the FBI. Unless he does so, this court lacks subject-matter jurisdiction over plaintiff's purported claims against the FBI for targeting him and damaging his car, due to sovereign immunity. See F.D.I.C. v. Meyer, 510 U.S. 471, 475 (1994) ("Sovereign immunity is jurisdictional in nature.").

To the extent plaintiff means to assert a claim for damages against the FBI for violating his constitutional rights—separate from his purported personal injury claim—that claim is also barred by the doctrine of sovereign immunity. See Thomas–Lazear v. F.B.I., 851 F.2d 1202, 1207 (9th Cir. 1988) ("the United States has not waived its sovereign immunity in actions seeking damages for constitutional violations"); see also Meyer, 510 U.S. at 486 (declining to recognize a direct action for damages against federal agencies).

Plaintiff could conceivably proceed with what is known as a "Bivens" claim seeking

4

damages against an *individual officer* of the FBI for deprivation of his federal or constitutional rights. See Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971); Meyer, 510 U.S. at 484-86 (holding that Bivens action lies against federal agents, but not federal agencies). Plaintiff will therefore be granted leave to amend the complaint to assert a cause of action against an FBI agent or other individual government employee—as opposed to the FBI itself. However, plaintiff is advised that any amended complaint must assert with some degree of specificity what overt acts that individual government agent or employee engaged in, and how they harmed him. See Fed. R. Civ. P. 8(a); Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc., 637 F.3d 1047, 1058 (9th Cir. 2011) (a complaint violates Rule 8 if a defendant would have difficulty understanding and responding to the complaint); Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). Moreover, plaintiff must identify what specific constitutional right(s) of his were allegedly violated. The present allegations of violations of "constitutional rights" are far too general. In addition, assuming plaintiff is still seeking money damages, the constitutional violations identified must be violations for which a Bivens damages remedy is available. See Ziglar v. Abbasi, 137 S. Ct. 1843, 1857-58 (2017) (surveying the Supreme Court's Bivens jurisprudence, and listing examples of cases where the Court has declined to recognize an implied damages remedy).

**LEAVE TO AMEND**

In light of plaintiff's self-represented status, and because it is at least conceivable that plaintiff could allege additional facts to potentially state a claim for relief, the court finds it appropriate to grant plaintiff an opportunity to amend the complaint. See Lopez, 203 F.3d at 1130 ("leave to amend should be granted if it appears at all possible that the plaintiff can correct the defect") (cleaned up). If plaintiff elects to file an amended complaint, this new pleading shall be captioned as the "First Amended Complaint" and shall cure the jurisdictional defects explained above.

Plaintiff is informed that the court cannot refer to a prior complaint or other filing in order to make plaintiff's first amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. As a general rule, an

amended complaint supersedes the original complaint, and once the first amended complaint is filed, the original complaint no longer serves any function in the case.

Finally, although failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed, nothing in this order requires plaintiff to file a first amended complaint.  If plaintiff determines that he is unable to amend his complaint in compliance with the court's order, he may alternatively file a notice of voluntary dismissal of his claims without prejudice pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i).

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to proceed in forma pauperis (ECF No. 2) is GRANTED;
2. Within **30 days** of this order, plaintiff shall file either (a) a first amended complaint in accordance with this order, or (b) a notice of voluntary dismissal of the action; and
3. Failure to file either a first amended complaint or a notice of voluntary dismissal by this deadline may result in the imposition of sanctions, including potential dismissal of the action with prejudice pursuant to Federal Rule of Civil Procedure 41(b).

Dated:  July 8, 2021

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

19, john.0959

6