UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KEVIN B. JOHNSON,

   Plaintiff,

 v.

UNITED STATES (FBI),

   Defendant.

No. 2:21–cv–0959–JAM–CKD PS

ORDER GRANTING LEAVE TO AMEND

(ECF No. 6.)

   Plaintiff, who is representing himself in this action,[1] was granted leave to proceed in forma pauperis, but his initial complaint was found unsuitable for service. (ECF Nos. 1, 3.) The court explained the defects in the initial complaint and granted leave for plaintiff to amend the complaint. That amended complaint is now before the court for re-screening under 28 U.S.C. § 1915(e)(2)(B). (ECF No. 6.) Because the amended complaint does not cure the previously identified defects, it is still not suitable for service. However, the court grants plaintiff one more opportunity to amend.

**SCREENING STANDARD**

   Pursuant to the IFP statute, federal courts must screen IFP complaints and dismiss the case if the action is "frivolous or malicious," "fails to state a claim on which relief may be granted," or

---

[1] This action proceeds before the undersigned pursuant to Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1).

1

seeks monetary relief against an immune defendant. 28 U.S.C. § 1915(e)(2)(B); Lopez v. Smith, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) ("[S]ection 1915(e) not only permits but requires a district court to dismiss an [IFP] complaint that fails to state a claim.").

To avoid dismissal for failure to state a claim, a complaint must contain more than "naked assertions," "labels and conclusions," or "a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007). In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Furthermore, relief cannot be granted for a claim that lacks facial plausibility. Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. When considering whether a complaint states a claim upon which relief can be granted, the court must accept the well-pled factual allegations as true, Erickson v. Pardus, 551 U.S. 89, 94 (2007), and construe the complaint in the light most favorable to the plaintiff, see Papasan v. Allain, 478 U.S. 265, 283 (1986).

In addition, Rule 8 of the Federal Rules of Civil Procedure requires pleadings to include: (1) "a short and plain statement of the grounds for the court's jurisdiction" and (2) "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). The court must dismiss a case if, at any time, it determines that it lacks subject-matter jurisdiction. Fed. R. Civ. P. 12(h)(3). A federal district court generally has jurisdiction over a civil action when (1) a federal question is presented in an action "arising under the Constitution, laws, or treaties of the United States" or (2) there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000. See 28 U.S.C. §§ 1331, 1332(a).

Pleadings by self-represented litigants are liberally construed. Hebbe v. Pliler, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (liberal construction appropriate even post–Iqbal). Unless it is clear that no amendment can cure the defects of a complaint, a self-represented plaintiff proceeding IFP is ordinarily entitled to notice and an opportunity to amend before dismissal. See Lopez, 203 F.3d at 1130-31. Nevertheless, if amendment would be futile, no leave to amend need

be given.  Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 339 (9th Cir. 1996).

**BACKGROUND**

Plaintiff originally filed a two-page complaint against the "United States (FBI)" alleging very generally that the FBI was violating his "civil rights" and describing an automobile collision where an FBI confidential informant allegedly intentionally struck and totaled plaintiff's car. (ECF Nos. 1, 1.1.)

In screening that complaint, the undersigned explained that plaintiff had not established this court's subject-matter jurisdiction because the complaint did not contain sufficient allegations to overcome the sovereign immunity that the United States and its agencies generally possess. (ECF No. 3 at 3-5.)  The court outlined two routes by which plaintiff might potentially avoid the sovereign immunity bar for his claims: (1) by invoking and properly following the Federal Tort Claims Act ("FTCA") in a claim against the United States itself, and/or (2) by bringing a Bivens claim against a federal officer acting in his individual capacity.  (Id.)  The court stated that for the FTCA route, plaintiff would need to allege in good faith that he had timely filed an administrative claim regarding the car collision and that the claim had been denied by the FBI before he filed suit.  (Id. at 4.)  And as to a potential Bivens claim, the court stated that the amended complaint would have to name an individual government agent or employee, "assert with some degree of specificity" what conduct that individual defendant engaged in, and explain how it harmed plaintiff—along with identifying "what specific constitutional right(s) of his were allegedly violated."  (Id. at 5).  The court cautioned plaintiff that his amended complaint would need to be "complete in itself," as it would supersede the original complaint.  (Id. at 5-6).

On August 27, 2021, plaintiff timely filed an "Amended Complaint" that consists of just two paragraphs.  (ECF No. 6.)  In the first paragraph, plaintiff states that he is seeking unspecified money damages "for the violation of civil rights" under Bivens and 42 U.S.C. § 1983 "by Agent in charge of the FBI Sacramento" area.  (Id.)  He alleges that "vehicular assault is a well know[n] tactic of the FBI" and that the destruction of his vehicle "and the intent of said entity to inflict emotional distress" gives him the right to relief.  (Id.)  The second paragraph describes plaintiff's efforts to exhaust his administrative remedies with respect to the FTCA.  Plaintiff states that he

sent an SF-95 form (Standard Form 95, the form used to administratively present claims under the FTCA) to the FBI "shortly after the accident on Nov 13, 2020" but has had trouble getting a response from the agency. (Id.) He says the FBI has "chosen to be misleading and playing games with the response to the SF-95" and wonders how he can proceed with the FBI "act[ing] as if they don't know which department is the right department for [him] to contact." (Id.)

**ANALYSIS**

Plaintiff's amended complaint reads more as a response to the court's screening order than as an amended pleading. It does not contain any of the required components of a complaint, and remains not suitable for service at this point. Although the amended complaint contains a few details that were missing from the original complaint, such as the date of the car collision, the amended complaint contains even less of a factual description of the collision and the events surrounding it. The amended complaint both fails to satisfy Rule 8 of the Federal Rules of Civil Procedure and still fails to show how the court has subject-matter jurisdiction over the case. The court will re-explain how plaintiff can fix these problems and give plaintiff another chance to try again.

**I.   Insufficient Statement of the Claim (Rule 8)**

The main problem with plaintiff's amended complaint is that it does not sufficiently describe the events plaintiff is complaining about. Rule 8 of the Federal Rules of Civil Procedure requires a "short and plain statement" of (1) the grounds for the court's jurisdiction and (2) the claim showing that plaintiff is entitled to relief. Fed. R. Civ. P. 8(a); Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (purpose of these pleading requirements is to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests" (cleaned up)).

The amended complaint contains almost no factual allegations whatsoever. All the reader can tell is that some sort of "vehicular assault" or accident occurred on November 13, 2020, resulting in the destruction of plaintiff's vehicle—and that plaintiff believes the FBI is responsible. (See ECF No. 6.) The current allegations do not describe the accident/assault in any detail. For instance, although we now know when the accident took place, the amended complaint does not state who was involved in the accident, where it occurred, or how exactly the

accident unfolded. As cautioned in the screening order, the court cannot look to the original complaint to supplement these missing factual details. Nor does the amended complaint explain how the accident is connected to the FBI, why plaintiff believes the FBI is responsible, or how the accident constitutes a violation of his civil rights.

The amended complaint also does not identify what cause(s) of action plaintiff is attempting to assert as the basis for relief. Plaintiff indicates a desire to proceed under Bivens and 42 U.S.C. § 1983. (ECF No. 6.) If plaintiff is suing only federal agencies or actors, section 1983 likely does not provide a valid cause of action. See Gibson v. United States, 781 F.2d 1334, 1343 (9th Cir. 1986) ("Federal officers acting under federal authority are immune from suit under section 1983 unless the state or its agents significantly participated in the challenged activity."). As explained in the prior screening order, Bivens might instead provide a valid cause of action. See Bivens v. Six Unknown Fed. Narcotics Agents, 403 U.S. 388 (1971); see also Ziglar v. Abbasi, 137 S. Ct. 1843, 1854-55 (2017) (explaining that Bivens provides an implied cause of action for money damages against individual federal officials for certain constitutional violations similar to § 1983). But plaintiff must still identify what **specific** constitutional right he believes has been violated in order to adequately state a claim under Bivens. Again, the repeated vague references to violations of plaintiff's "civil rights" are far too general.

Similarly, if plaintiff wishes to assert a cause of action under the FTCA, he must specifically identify what tort claim(s) he is asserting. In the following section discussing the FTCA, the court explains what plaintiff would have to do to assert, for instance, a "Battery Claim Under the FTCA."

In order to assist plaintiff in preparing a complete complaint, the court is enclosing a blank copy of its standard form for a Complaint for Violation of Civil Rights. The court encourages, but does not require, plaintiff to submit a completed version of this form as his "Second Amended Complaint." If plaintiff wishes to also bring tort claims under the FTCA, he may of course supplement the form with allegations in support of those claims. Whether or not plaintiff uses the enclosed form, any second amended complaint must set forth specific causes of action in separate sections. Under each section, plaintiff must then list the specific factual allegations supporting

that particular claim.  (For brevity, plaintiff may refer to specific prior paragraphs.)  For each claim, plaintiff must allege what specific conduct each defendant engaged in, when the conduct occurred, and how the conduct harmed him.  Plaintiff is welcome to use additional pages to explain these details, beyond the space provided in the complaint form; however, the statement of the claim should be kept relatively "short."

## II.  Lack of Subject-Matter Jurisdiction

The other, continuing, problem with plaintiff's amended complaint is that it fails to establish this court's subject-matter jurisdiction because the complaint still names the "United States (FBI)" as the sole defendant.  As explained before, claims against the United States and its agencies are generally barred by the doctrine of sovereign immunity.  See Sierra Club v. Whitman, 268 F.3d 898, 901 (9th Cir. 2001).  A lawsuit against an agency of the United States (or against an officer of the United States in his or her official capacity) is considered an action against the United States.  See id.; Balser v. Dep't of Justice, 327 F.3d 903, 907 (9th Cir. 2003) (holding that sovereign immunity protects the Department of Justice).  As a sovereign, the United States is immune from suit unless it has waived that immunity.  United States v. Mitchell, 463 U.S. 206, 212 (1983).

There are, however, two ways plaintiff could potentially proceed on his claims, which seem to arise from injuries caused by a federal entity or actor.  The court discusses each in turn, adding more information in addition to the prior order's discussion of these two avenues.

### A.  FTCA Claims

First, plaintiff could try to plead a cause of action under the FTCA against the United States for the acts of its employees.  The FTCA provides a limited waiver of the federal government's sovereign immunity for certain tort claims "caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment."  28 U.S.C. § 1346(b)(1).  The FTCA does not generally waive the federal government's sovereign immunity with respect to certain intentional torts, including assault and battery.  28 U.S.C. § 2680(h).  But it does waive such immunity specifically as to "claims for six intentional torts, including assault and battery, that are based on the 'acts or omissions of

investigative or law enforcement officers.'" Millbrook v. United States, 569 U.S. 50, 52-53 (2013) (quoting § 2680(h) and describing "law enforcement proviso"). An "investigative or law enforcement officer" means "any officer of the United States who is empowered by law to execute searches, to seize evidence, or to make arrests for violations of Federal law." 28 U.S.C. § 2680(h).

Thus, if plaintiff can in good faith allege an assault or battery claim that was based on the acts or omissions of an investigative or law enforcement officer, acting within the scope of his office or employment, the court would have jurisdiction over his claim against the United States. Plaintiff should note that the only proper defendant for an FTCA claim is the United States—not a federal agency (like the FBI), or an individual federal officer. See 28 U.S.C. § 2679(a).

In assessing FTCA tort claims, courts apply the tort law of the state where the events at issue occurred. 28 U.S.C. § 1346(b)(1); Avina v. United States, 681 F.3d 1127, 1130 (9th Cir. 2012). Assuming the accident/"vehicular assault" occurred in California, plaintiff would thus have to plead facts that would satisfy the elements of assault or battery under California law.

"To prevail on a claim of battery under California law, a plaintiff must establish that: (1) the defendant touched the plaintiff or caused the plaintiff to be touched with the intent to harm or offend the plaintiff; (2) the plaintiff did not consent to the touching; (3) the plaintiff was harmed or offended by defendant's conduct; and (4) a reasonable person in plaintiff's situation would have been offended by the touching." Id. at 1130-31.

"Under California law, to prevail on the tort of assault, the plaintiff must establish that: (1) the defendant threatened to touch the plaintiff in a harmful or offensive manner; (2) it reasonably appeared to the plaintiff that the defendant was about to carry out the threat; (3) the plaintiff did not consent to the defendant's conduct; (4) the plaintiff was harmed; and (5) the defendant's conduct was a substantial factor in causing the plaintiff's harm." Id. at 1130.

Separate from these substantive pleading requirements, plaintiff must also satisfy the jurisdictional prerequisite of exhausting his administrative remedies in order to bring an FTCA claim. McNeil v. United States, 508 U.S. 106, 113 (1993). Specifically, a lawsuit cannot be instituted upon a FTCA claim against the United States unless the claimant has first presented the

claim to the appropriate federal agency and his claim was finally denied by the agency in writing and sent by certified or registered mail. 28 U.S.C. § 2675(a). The claim must be presented to the appropriate agency "within two years after such claim accrues." 28 U.S.C. § 2401(b). An administrative claim must specify the amount of compensation requested, and a plaintiff may not later seek an amount in excess of the administrative claim. 28 U.S.C. § 2675(b); Warren v. U.S. Dep't of Interior Bureau of Land Mgmt., 724 F.2d 776, 780 (9th Cir.1984) (en banc) (claim must include "(1) a written statement sufficiently describing the injury to enable the agency to begin its own investigation, and (2) a sum certain damages claim"). If the agency denies the claim, suit must be filed within six months of the date the agency sends its notice of claim denial. 28 U.S.C. § 2401(b). A lawsuit filed prior to the exhaustion of a claimant's administrative claim is premature and must be dismissed. McNeil, 508 U.S. at 113.

In the amended complaint, plaintiff expresses that he has faced difficulty in obtaining a response from the FBI to the SF-95 administrative claim he sent shortly after the accident. (ECF No. 6.) The FTCA actually contemplates this type of scenario, providing that if the agency fails to decide a claim within six months after it is filed, that non-response can "be deemed a final denial," and the claimant can then proceed to file suit. 28 U.S.C. § 2675(a).

If plaintiff can allege the following in good faith in his second amended complaint, then the court will view the FTCA claim administratively exhausted for purposes of IFP screening. Plaintiff would have to allege in good faith that:

1) he filed a written administrative claim with the FBI or its parent agency, the Department of Justice, regarding the incident underlying this suit, and that the claim included a request for a specific dollar amount as compensation;
2) the agency received the claim more than six months before plaintiff filed this suit on May 26, 2021 (that is, the agency received the claim before November 26, 2020[2]); and
3) before filing suit, he received no notice of the claim's denial.

---

[2] Since the accident allegedly occurred on November 13, 2020, it is just barely possible that plaintiff filed an administrative claim right away and the agency received it more than six months before this suit was filed.

As discussed above, the court would then review the second amended complaint to see if it substantively states a particular tort claim against the United States under the FTCA.

### B. *Bivens* Claim

The other potential way around the sovereign immunity barrier is for plaintiff to bring what is known as a "Bivens" claim seeking damages against an individual officer of the FBI for deprivation of his constitutional rights—as opposed to suing the FBI itself. See Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971); Meyer, 510 U.S. at 484-86 (holding that Bivens action lies against federal agents, but not federal agencies).[3]

In his amended complaint, plaintiff indicates that he is now seeking damages against the "Agent in charge of the FBI Sacramento" area. (ECF No. 6.) If so, plaintiff should name that individual as an additional defendant in the caption of the second amended complaint and in the section for party designations. (If plaintiff does not know the individual's name, he may identify the defendant by his or her role or job title.) For a Bivens claim, the defendant official must be sued in his or her "individual capacity." Vaccaro v. Dobre, 81 F.3d 854, 857 (9th Cir. 1996) (A Bivens action "can be maintained against a defendant in his or her individual action only, and not in his or her official capacity.").

If plaintiff asserts a Bivens action against the FBI Special Agent in Charge of the Sacramento Field Office (for example), in order to survive the court's screening inquiry, the second amended complaint would have to both (1) identify the specific constitutional right plaintiff believes was violated (as discussed above), and (2) allege how the Agent in Charge was involved in or contributed to that constitutional deprivation. The same goes for any individual federal officer plaintiff might wish to name as a defendant in a Bivens claim.

Plaintiff is cautioned at the outset that it is not easy to proceed with a Bivens claim under current Supreme Court precedent. "[T]he Court has made clear that expanding the Bivens remedy is now a 'disfavored' judicial activity, which is in accord with the Court's observation

---

[3] Although plaintiff is free to assert a Bivens claim alongside any FTCA claims, should he ultimately prevail on the FTCA claim, the FTCA's "judgment bar provision" will likely preclude him from also recovering for a Bivens claim based on the same facts. 28 U.S.C. § 2676; see Arevalo v. Woods, 811 F.2d 487, 489-90 (9th Cir. 1987).

that it has consistently refused to extend <u>Bivens</u> to any new context or new category of defendants." <u>Ziglar v. Abbasi</u>, 137 S. Ct. 1843, 1857 (2017) (cleaned up). <u>Abbasi</u> established a two-part test for whether a <u>Bivens</u> claim may proceed: "We first inquire whether the request involves a claim that arises in a 'new context' or involves a 'new category of defendants.'" <u>Quintero Perez v. United States</u>, 8 F.4th 1095, 1104 (9th Cir. 2021) (quoting <u>Hernandez v. Mesa</u>, 140 S. Ct. 735, 743 (2020). "If it does, we then consider 'whether there are any special factors that counsel hesitation about granting the extension.'" <u>Id.</u> (quoting <u>Hernandez</u>, 140 S. Ct. at 743). The Court counsels great caution in extending <u>Bivens</u> remedy to "new" contexts. <u>Id.</u>

> As recently summarized by another judge of this court:
>
>> To date, the Supreme Court has only recognized a <u>Bivens</u> remedy in the context of the Fourth, Fifth, and Eighth Amendments. <u>See</u> <u>Abbasi</u>, 137 S. Ct. at 1860 (Supreme Court has approved three <u>Bivens</u> claims in the past); <u>Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics</u>, 403 U.S. 388 (Fourth Amendment prohibition against unreasonable searches and seizures); <u>Davis v. Passman</u>, 442 U.S. 228 (1979) (Fifth Amendment gender-discrimination); <u>Carlson v. Green</u>, 446 U.S. 14 (1980) (Eighth Amendment Cruel and Unusual Punishments Clause).

<u>Quiroz v. United States</u>, No. 1:21-CV-00364-AWI-SAB-PC, 2021 WL 3772007, at *3 (E.D. Cal. Aug. 25, 2021).

If a case is "meaningful[ly]" different from the Supreme Court's previous <u>Bivens</u> cases, the context is "new" and the court must then proceed to the second step. <u>Hernandez</u>, 140 S. Ct. at 742; <u>see</u> <u>Abbasi</u>, 137 S. Ct. at 1860 (listing nonexhaustive examples of differences that would qualify as "meaningful").

In applying the step-two "special factors" analysis, courts are instructed to consider whether there are "alternative remedies available or other sound reasons to think Congress might doubt the efficacy or necessity of a damages remedy" in the circumstances. <u>Abbasi</u>, 137 S. Ct. at 1865 (cleaned up). Additionally, courts analyze factors such as whether a claim implicates a governmental policy such that it would entail "inquiry and discovery into the whole course of the discussions and deliberations that led to the policies and governmental acts being challenged," and whether allowing a claim would "interfere in an intrusive way with sensitive functions of the Executive Branch." <u>Id.</u> at 1860–61.

When a case presents a new Bivens context, there will "most often" be factors that will cause a court to hesitate before allowing a damages action. Id. at 1848. It has therefore been observed that the Supreme Court's decision in Abbasi is "close to limiting the Bivens cause of action to the circumstances of Bivens, Davis, and Carlson, as it will be very difficult for any case not presenting those facts to survive [the Abbasi] test." Boudette v. Sanders, No. 18-cv-02420-CMA-MEH, 2019 WL 3935168, at * 7 (D. Colo. Aug. 19, 2019).

Because it is unclear at present what the factual circumstances of plaintiff's case are, the court cannot opine as to whether a Bivens action would be permissible. Nonetheless, advised of the steep road ahead, plaintiff is granted leave to attempt again to plead a Bivens cause of action against individual federal officers under the guidelines set forth above.

**LEAVE TO AMEND**

In light of plaintiff's self-represented status, and because it remains at least conceivable that plaintiff could allege additional facts to potentially state a claim for relief, the court finds it appropriate to grant plaintiff a second opportunity to amend the complaint. See Lopez, 203 F.3d at 1130 ("leave to amend should be granted if it appears at all possible that the plaintiff can correct the defect") (cleaned up). If plaintiff elects to file another amended complaint, this new pleading shall be captioned as the "Second Amended Complaint" and shall cure the Rule 8 and jurisdictional defects explained above.

Plaintiff is reminded that the court cannot refer to a prior complaint or other filing in order to make plaintiff's second amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. As a general rule, an amended complaint supersedes the original complaint, and once a further amended complaint is filed, the prior complaints no longer serve any function in the case. **Thus, any second amended complaint must be able to stand on its own as the sole explanation of plaintiff's factual allegations; it must identify all defendants and claims being asserted; and it must specify the relief requested.** Again, the court encourages plaintiff to use the form attached to this order as his Second Amended Complaint—to better ensure that these requirements are met.

Plaintiff is cautioned that if the second amended complaint does not substantially address the problems identified above, the court will be disinclined to give plaintiff further chances to amend. If plaintiff determines that he is unable or unwilling to amend his complaint in compliance with the court's order, he may alternatively file a notice of voluntary dismissal of his claims without prejudice pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i).

Accordingly, IT IS HEREBY ORDERED that:

1. The Clerk of Court is instructed to send plaintiff, in addition to a copy of this order, the court's form Complaint for Violation of Civil Rights (Non-Prisoner Complaint);

2. Within **30 days** of this order, plaintiff shall file either:

    a. A second amended complaint using the enclosed form complaint, or using a self-drafted complaint that follows substantially the same format; or

    b. A notice of voluntary dismissal of the action; and

3. Failure to comply with this order may result in the imposition of sanctions, including potential dismissal of the action with prejudice pursuant to Federal Rule of Civil Procedure 41(b).

Dated: September 21, 2021

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

19, john.0959