UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN B. JOHNSON,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>UNITED STATES (FBI),<br><br>　　　　Defendant. | No. 2:21–cv–0959–JAM–CKD PS<br><br>ORDER<br><br>(ECF No. 9.) |

  Plaintiff, who is representing himself in this action, was granted leave to proceed in forma pauperis, but his initial and amended complaints were found unsuitable for service.[1] (ECF Nos. 3, 7.) The court granted plaintiff a final opportunity to amend the complaint to state a claim, but instead of filing the invited amended complaint, plaintiff on October 5, 2021 filed a two-page "Motion for Injunction," which the court construes as a motion for a preliminary injunction. (ECF No. 9.)

  The motion asserts a continuing "attack by the FBI on all things Kevin" (that is, the plaintiff) and describes the FBI fabricating charges against him and generally plotting his demise. (Id. at 1-2.) Plaintiff seeks "an injunction or sanctions to stop the FBI from telling lies" and to "stop the FBI from its effort to get the public to hate [him]." (Id. at 2.)

---

[1] This action proceeds before the undersigned for all pretrial matters, pursuant to Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1).

This motion cannot be considered because plaintiff has not complied with the procedural requirements for seeking a preliminary injunction, as set forth in Local Rule 231 and Federal Rule of Civil Procedure 65. "The court may issue a preliminary injunction only on notice to the adverse party." Fed. R. Civ. P. 65(a)(1). Local Rule 231(d) requires all motions for preliminary injunction to be (1) noticed for hearing on an available calendar date, and (2) accompanied by "(i) briefs on all relevant legal issues to be presented by the motion, (ii) affidavits in support of the motion, including affidavits on the question of irreparable injury, and (iii) a proposed order with a provision for a bond." Plaintiff did not notice this motion for hearing on any particular date or provide any of the required supporting documents. More importantly, there is currently no active complaint and no served defendant in this case, due to plaintiff's repeated failure to file a complaint that states a valid claim (as explained in the undersigned's screening orders). The court cannot consider a request for preliminary injunction unless and until the subject defendant has been served with the complaint and notified of the motion. Accordingly, plaintiff's motion for preliminary injunction is vacated, without prejudice to renewal (in conformance with the above rules) after (1) the filing of a complaint that states a claim for relief, and (2) service of the complaint on the subject defendant(s).[2]

Plaintiff is reminded that he has 30 days from the court's September 21 screening order—that is, **until October 21, 2021**—to file a second amended complaint, if he wishes to proceed with this suit. (See ECF No. 7 at 12.)

////

////

---

[2] To the extent plaintiff might be seeking a temporary restraining order without notice to the adverse party, the motion also does not meet the strict requirements for such relief. See Fed. R. Civ. P. 65(b) (temporary restraining order may issue without notice only if (A) "specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition," and (B) the movant "certifies in writing any efforts made to give notice and the reasons why it should not be required"); E.D. Cal. L.R. 231(a) ("Except in the most extraordinary of circumstances, no temporary restraining order shall be granted in the absence of actual notice to the affected party and/or counsel, by telephone or other means, or a sufficient showing of efforts made to provide notice.").

Accordingly, IT IS HEREBY ORDERED that plaintiff's motion for a preliminary injunction (ECF No. 9) is VACATED.

Dated: October 12, 2021

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

19, john.0959