UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KEVIN B. JOHNSON,

Plaintiff,

v.

UNITED STATES (FBI),

Defendant.

No. 2:21–cv–0959–JAM–CKD PS

ORDER & FINDINGS AND RECOMMENDATIONS

(ECF No. 11)

Plaintiff, who is representing himself in this action, was granted leave to proceed in forma pauperis, but his initial and amended complaints were found unsuitable for service.[1] (ECF Nos. 3, 7.) The court granted plaintiff a final opportunity to amend the complaint to state a claim, and plaintiff's Second Amended Complaint ("SAC") is now before the undersigned for re-screening under 28 U.S.C. § 1915(e). (ECF No. 11.) Because the SAC does not cure the previously identified defects and plaintiff has had multiple opportunities to amend, the undersigned recommends dismissing this case without leave to amend.

**SCREENING STANDARD**

Pursuant to the IFP statute, federal courts must screen IFP complaints and dismiss the case if the action is "frivolous or malicious," "fails to state a claim on which relief may be granted," or

[1] This action proceeds before the undersigned for all pretrial matters, pursuant to Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1).

seeks monetary relief against an immune defendant. 28 U.S.C. § 1915(e)(2)(B); Lopez v. Smith, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) ("[S]ection 1915(e) not only permits but requires a district court to dismiss an [IFP] complaint that fails to state a claim.").

To avoid dismissal for failure to state a claim, a complaint must contain more than "naked assertions," "labels and conclusions," or "a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007). In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Furthermore, relief cannot be granted for a claim that lacks facial plausibility. Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. When considering whether a complaint states a claim upon which relief can be granted, the court must accept the well-pled factual allegations as true, Erickson v. Pardus, 551 U.S. 89, 94 (2007), and construe the complaint in the light most favorable to the plaintiff, see Papasan v. Allain, 478 U.S. 265, 283 (1986).

In addition, Rule 8 of the Federal Rules of Civil Procedure requires pleadings to include: (1) "a short and plain statement of the grounds for the court's jurisdiction" and (2) "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). The court must dismiss a case if, at any time, it determines that it lacks subject-matter jurisdiction. Fed. R. Civ. P. 12(h)(3). A federal district court generally has jurisdiction over a civil action when (1) a federal question is presented in an action "arising under the Constitution, laws, or treaties of the United States" or (2) there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000. See 28 U.S.C. §§ 1331, 1332(a).

Pleadings by self-represented litigants are liberally construed. Hebbe v. Pliler, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (liberal construction appropriate even post–Iqbal). Unless it is clear that no amendment can cure the defects of a complaint, a self-represented plaintiff proceeding IFP is ordinarily entitled to notice and an opportunity to amend before dismissal. See Lopez, 203 F.3d at 1130-31. Nevertheless, if amendment would be futile, no leave to amend need

be given.  Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 339 (9th Cir. 1996).

**BACKGROUND**

    A.  The Original Complaints & Screening Orders

Plaintiff originally filed a two-page complaint against the "United States (FBI)" alleging very generally that the FBI was violating his "civil rights" and describing an automobile collision in which an FBI confidential informant allegedly struck and totaled plaintiff's car.  (ECF Nos. 1, 1.1.)  In screening that complaint, the undersigned explained that plaintiff had not established this court's subject-matter jurisdiction because the complaint did not contain sufficient allegations to overcome the sovereign immunity that the United States and its agencies generally possess. (ECF No. 3 at 3-5.)  The court outlined two routes by which plaintiff might potentially avoid the sovereign immunity bar for his claims—(1) by invoking and properly following the Federal Tort Claims Act ("FTCA") in a claim against the United States itself, and/or (2) by bringing a Bivens claim against a federal officer acting in his individual capacity—and granted plaintiff leave to amend. (Id.)

On August 27, 2021, plaintiff filed a document that was captioned as an Amended Complaint but consisted of just two paragraphs responding to the prior screening order and contained none of the required components of a complaint.  (ECF No. 6; see ECF No. 7 at 4.)  On re-screening, the court explained in even greater detail what plaintiff would need to plead in order to establish the court's subject-matter jurisdiction over the case—under either the FTCA or Bivens.  (ECF No. 7 at 4-11.)  As to the FTCA option, the court explained how plaintiff could satisfy the Act's administrative exhaustion requirement even without having received a response to the administrative claim he allegedly submitted to the FBI soon after the collision.  (Id. at 8.) As to the Bivens option, the court again explained that plaintiff had to both (1) identify the specific constitutional right he believes was violated, and (2) allege with some degree of specificity how an individual federal officer was involved in or contributed to that constitutional deprivation.  (Id. at 9.)  The court granted plaintiff leave to amend again, but cautioned plaintiff that "if the second amended complaint does not substantially address the problems identified . . . , the court will be disinclined to give plaintiff further chances to amend." (Id. at 12.)

B. The SAC and Other Filings

On September 23, 2021, perhaps before receiving the re-screening order in the mail, plaintiff filed a miscellaneous two-page "Notice" describing an incident in May 2021 when several black vehicles that he believed to belong to the FBI suddenly appeared in the remote location where plaintiff was sitting. (ECF No. 8.) Plaintiff presents this as an example of the FBI's habit of trying to wrongfully convict people, especially black people like plaintiff—and as evidence that the FBI has been surveilling him as part of a multi-year effort to "set [him] up for a serious felony." (Id. at 1.)

On October 5, 2021, before eventually filing the SAC, plaintiff filed a "Motion for Injunction," asserting a continuing "attack by the FBI on all things Kevin" (plaintiff's first name) and describing how the FBI is fabricating charges against him and generally plotting his demise. (ECF No. 9 at 1-2.) The undersigned rejected the motion as procedurally defective and premature and reminded plaintiff of the due date for any further amended complaint. (ECF No. 10.)

On October 21, 2021, plaintiff filed the SAC that is presently before the court. (ECF No. 11.) Although the caption still lists "United States (FBI)" as a defendant, it also lists "unknown agents of the FBI," who are the only defendants identified in the body of the SAC. (Id. at 1.) Plaintiff states in the two-page SAC that he is "filing this complaint under the FTCA" and lists two causes of action: one for negligence, and one for "[l]ibel and slander." (Id. at 1, 2.) For the first cause of action, plaintiff again alleges that an "[u]nknown FBI agent using one of its [confidential informants] rear ended" plaintiff and his vehicle at high speed on a freeway outside of Sacramento on November 13, 2020, totaling plaintiff's car. (Id. at 2.) Plaintiff states that "the right to be left alone and not assaulted by negligence is the basis for this claim." (Id.) For the second cause of action, plaintiff alleges that an unknown FBI agent "has given the public highly sensitive private personal facts, Like constantly talking about my Penis size"; and that an unknown agent "also gave information to the public on how to track and follow [him] in [his] car just as the police do." (Id.) Plaintiff alleges that this is being done in "retaliation for an alleged crime," and he seeks $2.2 million in damages. (Id.)

////

Some two weeks later, plaintiff also filed another "Notice," this time describing how thousands of FBI agents are out to get him and are trying to set him up for a wrongful conviction by tracking him and parading young girls around him to label him as a "pedophile."[2] (ECF No. 12.) In the Notice, plaintiff also complains that the FBI is giving the public the ability to use a "sensor or camera" inside his car to watch what he is doing, remotely; and for this invasion of privacy plaintiff says that he is "ready to grab that Grisly bear and rip his ---- off, grab that lion and rip his teeth out and jump in the ocean and grab that Great white shark by the tail and [sling] his ass to the moon." (Id. at 3-4.)

**ANALYSIS**

The SAC, which adds little more than the few allegations contained in the original complaint, still fails to state a cognizable claim for this court to hear. Having been informed of the Bivens and FTCA avenues for prosecuting his collision claim, plaintiff expressly states that he is proceeding under the FTCA. (ECF No. 11 at 1.) Leaving aside the lack of factual details regarding the collision and why plaintiff believes it was an FBI confidential informant that ran into him, plaintiff's negligence claim fails as a matter of law because plaintiff does not allege compliance with the FTCA.

As plaintiff was informed in the previous two screening orders, in order to bring an FTCA claim, the jurisdictional prerequisite of exhausting administrative remedies must be satisfied. McNeil v. United States, 508 U.S. 106, 113 (1993). Specifically, a lawsuit cannot be instituted upon a FTCA claim unless the claimant has first presented the claim to the appropriate federal agency and his claim was finally denied by the agency in writing. 28 U.S.C. § 2675(a). The claim must be presented to the appropriate agency "within two years after such claim accrues." 28 U.S.C. § 2401(b). If the agency denies the claim, suit must be filed within six months of the date the agency sends its notice of claim denial. 28 U.S.C. § 2401(b). A lawsuit filed prior to the

[2] The court notes that plaintiff brought two prior suits in this court regarding FBI attempts to entrap him through teenage girls, and both suits were dismissed at the screening stage for failure to state a claim. See Johnson v. FBI, No. 2:20-cv-02214-TLN-DB (E.D. Cal.), ECF No. 12 (F&Rs), ECF No. 20 (adopting F&Rs), appeal dismissed as frivolous (9th Cir. 21-15577 July 16, 2021); Kevin B. Johnson v. FBI, No. 2:19-cv-2359 JAM EFB PS, 2020 WL 2489735, (E.D. Cal. May 14, 2020), recommendation adopted, 2020 WL 3542257 (June 30, 2020).

exhaustion of a claimant's administrative claim is premature and must be dismissed. McNeil, 508 U.S. at 113.

The SAC includes no allegation that plaintiff filed a timely administrative claim with the FBI or received a denial, and therefore fails to establish the court's jurisdiction over the negligence claim. See Brady v. United States, 211 F.3d 499, 502 (9th Cir. 2000) ("The requirement of an administrative claim is jurisdictional."); Gillespie v. Civiletti, 629 F.2d 637, 640 (9th Cir. 1980) (as a jurisdictional prerequisite, the timely filing of an administrative claim must be affirmatively alleged in the complaint). When plaintiff indicated in his first amended complaint that he filed a claim with the FBI but was struggling to get a response, the court informed plaintiff of exactly how he might still allege administrative exhaustion. (See ECF No. 7 at 8 (citing 28 U.S.C. § 2675(a), and listing elements for adequately pleading exhaustion without receiving claim denial within six months).) Plaintiff's failure to include any allegations on that subject in the SAC suggests that he cannot in good faith make the necessary allegations to overcome the exhaustion barrier.

Even if exhaustion were not an issue, plaintiff's defamation claim also fails since the federal government expressly has not waived its sovereign immunity for such claims. 28 U.S.C. § 2680(h); see Meridian Int'l Logistics, Inc. v. United States, 939 F.2d 740, 742-43 (9th Cir. 1991) (describing limitations to the right to bring suit under the FTCA, including § 2680(h)'s jurisdictional exception for "[a]ny claim arising out of . . . libel [or] slander").

Accordingly, the SAC should be dismissed for failure to state a claim, under 28 U.S.C. § 1915(e)(2). In addition, the court finds that granting further leave to amend would be futile. Plaintiff has already had two opportunities to amend, and he continues to repeat the same general allegations without heeding the court's instructions on what information the complaint must contain to state a valid claim. Plaintiff's surrounding filings, describing bizarre scenarios and suggesting some level of delusion, further persuade the court that additional attempts at amendment would be futile. See Cahill, 80 F.3d at 339 (no leave to amend where amendment would be futile); Williams v. California, 764 F.3d 1002, 1018 (9th Cir. 2014) (failure to sufficiently articulate claims on two prior occasions demonstrates futility of further amendment).

**RECOMMENDATIONS**

Accordingly, it is HEREBY RECOMMENDED that:

1. The action be DISMISSED for failure to state a claim, under 28 U.S.C. § 1915(e)(2); and
2. The Clerk of Court be directed to CLOSE this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen (14) days after being served with these findings and recommendations, plaintiff may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

**ORDER**

In light of these recommendations, IT IS ALSO HEREBY ORDERED that all pleading, discovery, and motion practice in this action are stayed pending resolution of the findings and recommendations. With the exception of objections to the findings and recommendations and any non-frivolous motions for emergency relief, the court will not entertain or respond to any motions and other filings until the findings and recommendations are resolved.

Dated: December 6, 2021

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

19, john.0959