UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN B. JOHNSON,<br><br>    Plaintiff,<br><br>    v.<br><br>UNITED STATES (FBI),<br><br>    Defendant. | No. 2:21–cv–0959–JAM–CKD PS<br><br>ORDER<br><br>(ECF Nos. 13, 18, 19, 21, 22, 23.) |

On December 6, 2021, the magistrate judge filed findings and recommendations (ECF No. 13), which were served on plaintiff. On January 6, 2022, after obtaining an extension to file objections, plaintiff filed timely objections to the findings and recommendations (ECF No. 23)[1], which have been considered by the court.

This court reviews de novo those portions of the proposed findings of fact to which an objection has been made. 28 U.S.C. § 636(b)(1); McDonnell Douglas Corp. v. Commodore Business Machines, 656 F.2d 1309, 1313 (9th Cir. 1981); see also Dawson v. Marshall, 561 F.3d 930, 932 (9th Cir. 2009). As to any portion of the proposed findings of fact to which no objection has been made, the court assumes its correctness and decides the matter on the applicable law. See Orand v. United States, 602 F.2d 207, 208 (9th Cir. 1979). The magistrate judge's

---

[1] Plaintiff also re-filed his objections to omit the duplicate pages included with the original objections. (ECF No. 25). Both sets of objections are substantively identical.

1

conclusions of law are reviewed de novo.  See Britt v. Simi Valley Unified School Dist., 708 F.2d 452, 454 (9th Cir. 1983).

    The court has reviewed the applicable legal standards and, good cause appearing, concludes that it is appropriate to adopt the findings and recommendations in full.  Contrary to plaintiff's assertion that the court reaches this conclusion based on plaintiff's financial status, the case is being dismissed because—despite several opportunities to amend—plaintiff failed to plead facts that would allow him to proceed with an FTCA claim.  In the screening order issued on September 21, 2021, the magistrate judge explained precisely what plaintiff would need to allege in order to show administrative exhaustion of his claim without receiving a written denial from the FBI.  (ECF No. 7 at 8.)  That order also identified 28 U.S.C. § 2680(h)—the statute plaintiff claims to have just discovered—as an appropriate basis for the court's jurisdiction over at least some of the claims asserted.  However, the second amended complaint failed to make the necessary changes suggested in the screening orders to proceed with plaintiff's claims.  The court finds that further opportunities to amend are not warranted, as plaintiff's objections merely restate the same arguments and pleadings that were insufficient to show administrative exhaustion in the prior complaints.  (See ECF No. 13 at 24-26.)

    Accordingly, IT IS HEREBY ORDERED that:

1. The findings and recommendations (ECF No. 13) are ADOPTED IN FULL;
2. The action is DISMISSED for failure to state a claim, under 28 U.S.C. § 1915(e)(2);
3. The motions to further extend the deadline for objections and for permission to e-file (ECF Nos. 18, 19) are DENIED as moot;
4. The miscellaneous motions filed at ECF Nos. 21, 22 are DENIED for failure to specify the relief requested or any federal rule of procedure in support; and
5. The Clerk of Court is directed to CLOSE this case.

DATED:  January 14, 2022

/s/ John A. Mendez  
THE HONORABLE JOHN A. MENDEZ  
UNITED STATES DISTRICT COURT JUDGE